**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAN ZHANG, | No.   14-72488 |
| Petitioner, | Agency No. A205-183-932 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019[**]

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

Nan Zhang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because, even if credible, Zhang failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As to asylum and withholding of removal, the agency found Zhang not credible because of Zhang's vague and implausible testimony, and her demeanor. Substantial evidence does not support the agency's adverse credibility determination. *See Ren v. Holder*, 648 F.3d 1079, 1088-89 (9th Cir. 2011) (adverse credibility finding not supported under the totality of the circumstances, and noting that "questioning an applicant on [her] knowledge of religious doctrine to determine if [s]he is a true believer is not an appropriate method of determining eligibility for asylum."); *see also Zhi*, 751 F.3d at 1093 (IJ impermissibly based adverse credibility finding on "speculation and conjecture"); *Shrestha v. Holder*,

590 F.3d 1034, 1040 (9th Cir. 2010) (noting "the requirement that an IJ not cherry pick solely facts favoring an adverse credibility determination while ignoring facts that undermine that result"). Thus, we grant the petition for review as to Zhang's asylum and withholding of removal claims, and remand these claims to the agency for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16-18 (2002) (per curiam); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**